FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2013 FEB -1  P 1:55

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

BOSTON RETAIL PRODUCTS, INC.       )
                                   )
        Plaintiff                  )
                                   )
vs.                                )
                                   )   Civil Action No. 1:13CV147
THE BARBOUR CORPORATION and        )                   TSE/IDD
BARBOUR PLASTICS, INC.             )
                                   )   Trial By Jury Demanded
        Defendant                  )

## COMPLAINT FOR PATENT INFRINGEMENT

1.  Plaintiff Boston Retail Products, Inc. ("Boston Retail") brings this action seeking monetary damages and injunctive relief against defendants The Barbour Corporation and Barbour Plastics, Inc. (collectively "Barbour") to halt Barbour's infringement of U.S. Patent No. 8,153,242 ("the '242 patent," attached as Exhibit A).

## PARTIES

2.  Plaintiff Boston Retail is, and at all relevant times has been, a Delaware corporation doing business in this District and Division.

3.  Defendants The Barbour Corporation and Barbour Plastics, Inc. (collectively "Barbour") are, and at all relevant times have been, corporations doing business in products covered by the patent-in-suit and conducting business generally in this District and Division.

## JURISDICTION AND VENUE

4.  This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. §101 *et seq.* The amount in controversy exceeds $75,000.

5.  Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§1331, 1332, 1391, and 1400(b).

1

## FACTS

6. Plaintiff Boston Retail incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

7. Boston Retail is engaged in the design, development, sale and manufacture of extruded bumper products as disclosed in the '242 patent.

8. Boston Retail owns the entire right, title and interest in and to the '242 patent.

9. Barbour is making, using and selling, offering for sale and has made, used, sold and offered for sale bumper products as described and claimed in the '242 patent that infringe one or more of the claims of the '242 patent in suit.

10. On or about November 26, 2012, Boston Retail placed Barbour on written notice of both the '242 patent and the fact that Barbour's products infringe that patent.

11. Barbour has had actual and constructive knowledge of the '242 patent in suit, including the scope and claim coverage thereof.

## COUNT I

### (DIRECT PATENT INFRINGEMENT)

12. Boston Retail incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

13. Barbour's aforesaid activities constitute a direct infringement of the '242 patent in violation of 35 U.S.C. §271 *et seq*.

14. Barbour's aforesaid infringement is, and has been, willful and knowing.

15. Boston Retail has suffered immediate irreparable harm and monetary damages and will continue to suffer such irreparable harm and damages as a result of Barbour's willful patent infringement.

## COUNT II

### (INDUCEMENT TO INFRINGE)

16. Boston Retail incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

17. Barbour has actively induced, and continues to actively induce, customers to infringe the '242 patent by selling its infringing products to its customers and encouraging the use of the infringing products, knowing in advance that: the claims of the '242 patent cover the infringing products and thus cover the use by any person of Barbour's infringing products in the United States; the claims of the '242 patent cover one or more of its customers' use of Barbour's infringing products in the United States; and such uses of Barbour's infringing products constitute a direct infringement of the '242 patent.

18. Barbour's aforesaid activities constitute an inducement to infringe the '242 patent in violation of 35 U.S.C. §271 *et seq*.

19. Barbour's aforesaid infringement is, and has been, willful and knowing.

20. Boston Retail has suffered immediate irreparable harm and monetary damages and will continue to suffer such irreparable harm and damages as a result of Barbour's willful patent infringement.

### EXCEPTIONAL CASE

21. Because of Barbour's willful infringement, this is an exceptional case under 35 U.S.C. § 285 and Boston Retail is entitled to enhanced damages and attorney's fees incurred in connection with prosecuting this action.

**WHEREFORE**, Plaintiff requests that this Court enter judgment:

A. Declaring that Barbour infringes and has infringed the '242 patent;

B.  Declaring that Barbour's infringement of the '242 patent has been willful;

C.  Awarding Boston Retail a preliminary injunction and a permanent injunction restraining Barbour and all those in active concert or privity with it from further infringement of the '242 patent;

D.  Awarding Boston Retail treble damages based on Barbour's willful infringement of the '242 patent pursuant to 35 U.S.C. §284 and otherwise;

E.  Declaring that this is an exceptional case and awarding Boston Retail its reasonable attorneys fees and costs pursuant to 35 U.S.C. §285 and otherwise; and

F.  Granting Boston Retail such other and further relief as the Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

Dated: February 1, 2013

_____
Jason A. Cody (VA Bar No. 65342)
Novak Druce Connolly Bove & Quigg LLP
300 New Jersey Avenue
Fifth Floor
Washington, D.C. 20001
Telephone: (202) 659-0100
Facsimile: (202) 659-0105
Counsel For Plaintiff
Boston Retail Products, Inc.

M. Lawrence Oliverio
Novak Druce Connolly Bove & Quigg LLP
100 Cambridge Street
Boston Massachusetts 02114
Telephone: (617) 367-4600
Facsimile: (617) 367-4656
OF COUNSEL PENDING